HELEN M. LUETTO, State Bar No. 119478
hluetto@wfbm.com
KENDRA E. BRAY, State Bar No. 285743
kbray@wfbm.com
WFBM, LLP
Attorneys at Law
One City Boulevard West, Fifth Floor
Orange, California 92868-3677
Telephone:  (714) 634-2522
Facsimile:   (714) 634-0686

Attorneys for STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CRYSTAL VARGAS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 2:20−cv−09935−PA−JCx<br><br>(Los Angeles Superior Court, Case No. 20STCV35651)<br><br>**ORDER REGARDING PARTIES' STIPULATION REGARDING MODIFIED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**<br><br>Judge:  Hon. Percy Anderson<br><br>Trial Date:　　　August 24. 2021 |

　　　　The Court, having reviewed the plaintiffs Crystal Vargas and Javier Martinez (collectively "Plaintiffs") and State Farm General Insurance Company's ("State Farm's) stipulation regarding a modified protective order concerning confidential information [DOC. 20], hereby enters the Protective Order shall now read as follows:

　　　　1.　　In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is trade secrets, proprietary information, and other

highly confidential commercial information, or material required to be kept confidential by state or federal law.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7. Only qualified persons may attend depositions at which Confidential Material is used or discussed.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be

filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable) pursuant to Local Rule 79-5, et seq.  When possible, the filing party should file the application in time to receive a determination before filing the motion or other paper that the proposed document is intended to support.  The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.1. Final Disposition. Nothing in this Protective Order disallows State Farm from:

(a) complying with any state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state and federal law;

(b)  adding information discovered that is relevant to a claim to the relevant electronic record in its electronic claim system;

(c)  disclosing evidence of a crime or fraud; retaining information necessary to meet mandated retention requirements; or,

(d)  retaining copies of Protected Information that may exists on back-up media or other computer or archive storage not regularly accessed by business users in the ordinary course provided that should a copy of the Confidential Information be accessed it will not be used for a purpose inconsistent with this Order.

13.2. Subject to paragraph 13.1 above, within 60 days after the final disposition of this action, which is the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, the Plaintiffs must return all Protected Material to State Farm's counsel of record or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiffs must submit a written certification to State Farm's counsel of record by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Plaintiffs have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

5469762.1
4893-3.5556

-5-
[PROPOSED] ORDER REGARDING PARTIES' STIPULATION REGARDING MODIFIED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

constitute Protected Material remain subject to this Protective Order as set forth in this Paragraph.

5469762.1
4893-3.5556

-6-
[PROPOSED] ORDER REGARDING PARTIES' STIPULATION REGARDING MODIFIED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

# Attachment A

## Nondisclosure Agreement

I,_____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in <u>Crystal Vargas, et al. v. State Farm General Insurance Company</u>, United States District Court for the Central District of California, Civil Action No. CV 20-09935 PA (JCx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED: _____

_____
[Name of Signator Typed]

**IT IS SO ORDERED.**

Dated:  February 15, 2021

_____
Percy Anderson
United State District Judge